IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARCY D. WILLIAMSON,

    Plaintiff,

    v.

TYLER PETERS, et al.,

    Defendants.

Case No. 17-2356-CM

## MEMORANDUM AND ORDER

Plaintiff Darcy D. Williamson, Trustee for the Bankruptcy Estate of McCorkendale Construction, Inc. ("McCorkendale") filed an Adversary Complaint for Professional Negligence in the United States Bankruptcy Court for the District of Kansas.  United States Bankruptcy Judge Dale L. Sommers recommended the professional negligence matter be transferred to this court and this court adopted that recommendation on June 20, 2017.  (Doc. 3.)  The matter is now before this court on defendants Tyler Peters and Payne & Jones, Chartered's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 8).  For the reasons set forth below, the court finds it lacks subject matter jurisdiction over the adversary complaint and grants defendants' motion.

    **I.**    **Background**

According to the adversary complaint filed April 21, 2017, McCorkendale retained defendants to represent them in an action in Johnson County, Kansas District Court against Duggan Homes, Inc., in which McCorkendale obtained a judgment in the amount of $438,197.36.  According to the journal entry of judgment dated April 28, 2010, this judgment could only be a judgment lien on the real property that was specifically identified in Exhibit A, which was attached to the journal entry of

-1-

judgment. Defendants assisted McCorkendale in obtaining an amended judgment against Duggan Homes, Inc., in which the restrictions set out in the first journal entry were removed.

On March 10, 2011, defendants registered this judgment as a foreign judgment in Clay County, Missouri Circuit Court. Defendants, however, mistakenly registered the first journal entry of judgment. This first journal entry did not create a judgment lien on a 12-acre parcel of land owned by Duggan Homes, Inc. in Clay County because this parcel was not expressly listed in the Exhibit A attached to the first journal entry.

On March 14, 2014, North American Savings Bank, F.S.B. ("NASB") filed an action against McCorkendale to quiet title to the 12-acre parcel of land in Clay County. NASB argued that McCorkendale's foreign judgment did not create a valid lien on the 12-acre parcel because the wrong Kansas judgment was registered. On January 20, 2015 the Clay County Circuit Court held a bench trial and found in favor of McCorkendale. NASB appealed the decision to the Missouri Court of Appeals.

McCorkendale filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Kansas on March 20, 2015. McCorkendale did not disclose any potential lawsuits in its petition.

On March 8, 2016, the Missouri Court of Appeals reversed the decision of the Clay County Circuit Court and entered judgment in favor of NASB to quiet title to the 12-acre parcel. The Missouri Court of Appeals found that because the first journal entry, and not the second, was registered as a foreign judgment, McCorkendale did not have a lien on the disputed property. In her Adversary Complaint for Professional Negligence, filed April 21, 2017, plaintiff alleges that as a result of defendants' negligence in registering the wrong journal entry of judgment, McCorkendale sustained

damages in excess of $75,000. Plaintiff claims this action arose prior to the Chapter 7 bankruptcy petition and therefore constitutes property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

## II.     Legal Standards

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate when the court lacks subject matter jurisdiction over a claim. Plaintiff claims that subject matter jurisdiction exists and has the burden of establishing it. *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). Because federal courts are courts of limited jurisdiction, there is a strong presumption against federal jurisdiction. *Sobel v. United States*, 571 F. Supp. 2d 1222, 1226 (D. Kan. 2008).

## III.    Analysis

Plaintiff claims that she discovered the existence of a professional negligence claim following the filing of McCorkendale's Chapter 7 bankruptcy petition, but that the action arose prior to the filing of the petition. Plaintiff therefore considers this claim property of the bankruptcy estate and maintains this court has jurisdiction over the matter under 28 U.S.C. § 1334(a), 28 U.S.C. § 157, and 11 U.S.C. § 542(b). Plaintiff has not alleged federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332; therefore, if the court finds this action is not the property of the bankruptcy estate, it no longer has subject matter jurisdiction over the case. *See In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990) ("When property leaves the bankruptcy estate, however, the bankruptcy court's jurisdiction typically lapses . . . .").

In their motion to dismiss, defendants argue the court lacks subject matter jurisdiction because McCorkendale's professional negligence claim is not property of the bankruptcy estate. Defendants allege that the legal malpractice cause of action did not accrue until after the bankruptcy petition was filed.

The property included in an estate created by the filing of a bankruptcy petition is broadly defined in 11 U.S.C. § 541(a)(1) to include "all legal or equitable interests of the debtor in property as of the commencement of the case." State law defines what assets are considered property of the bankruptcy estate. *Butner v. United States*, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law."). Contingent interests that exist upon filing but do not fully materialize until after filing have been considered property of the estate. *See Segal v. Rochelle*, 382 U.S. 375, 380 (1966) (finding a debtor's tax return that was received postpetition was property of the bankruptcy estate because it was for business losses suffered prepetition and was "sufficiently rooted in the pre-bankruptcy past."). Whether a debtor's cause of action is property of the estate, however, depends on if the cause of action accrued prior to the commencement of the bankruptcy case. *See In re Smith*, 293 B.R. 786, 788 (Bankr. D. Kan. 2003). Because state law defines property rights, courts must look to state law to determine whether a cause of action accrued prior to the filing of the bankruptcy petition in order to consider it property of the estate. *Id*. ("The court assumes that the question here—when did a cause of action for personal injury accrue?—is controlled by Kansas law.").

It is unclear what state law applies in the present case. The defendants' law firm is physically located in Kansas and defendant Peters is licensed to practice law in Kansas and Missouri. The alleged malpractice occurred as a result of a foreign judgment registered in Missouri. Regardless, the law governing when a cause of action for legal malpractice accrues is substantially similar in both states. *See* Mo. Ann. Stat. § 516.100 ("[T]he cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment . . . ."); *Wright v. Campbell*, 277 S.W. 3d 771, 774 (Mo. Ct. App. 2009) ("[T]he mere occurrence of an injury itself does not necessarily coincide with the accrual of a cause of action[.]") (citing *Martin v. Crowley, Wade & Milstead, Inc.*, 702 S.W. 2d 57, 58 (Mo.

banc 1985))); *see also* K.S.A. § 60–513(b) ("[T]he causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury . . . ."); *Dearborn Animal Clinic, P.A. v. Wilson*, 806 P.2d 997, 1006 (Kan. 1991) ("The rule applied in *Davies* is consistent with the requirement of K.S.A. 60–513(b) that the statute of limitations does not begin to run until it is reasonably ascertainable that the injury suffered was the result of the defendants' malpractice.").

Defendants argue it is clear from both Kansas and Missouri law that plaintiff's legal malpractice cause of action did not accrue until the Missouri Court of Appeals reversed the Clay County Circuit Court and entered judgment in favor of NASB. Because the judgment was entered after the bankruptcy petition was filed, defendants claim the legal malpractice action is not property of the estate and therefore the court lacks subject matter jurisdiction over the case.

Plaintiff argues the claim is property of the estate because it is "sufficiently rooted" in prepetition conduct. Plaintiff maintains that this court should apply the Tenth Circuit's "conduct theory" when determining whether the claim is sufficiently rooted in prepetition conduct. In *In re Parker*, the Tenth Circuit adopted and utilized the conduct theory to determine whether a cause of action against the bankruptcy estate accrued pre or post-bankruptcy petition. 313 F.3d 1267, 1269–70 (10th Cir. 2002). Under the conduct theory—as opposed to the accrual theory—the court must look to the date of the conduct giving rise to the claim, rather than when the claim accrued under state law. Plaintiff argues based on *Parker*, this court should consider the date the malpractice occurred—when defendants filed the wrong judgment—to determine whether the cause of action is property of the estate. As the United States Bankruptcy Court for the District of Kansas pointed out, however, plaintiff's argument is misguided. In *In re Smith*, the court distinguished claims against the estate and claims that bring property into the estate under § 541(a)(1), noting that claims against the estate are

governed by federal law and claims by the estate are considered property as defined by state law. 293 B.R. at 789. The Bankruptcy Court also noted that the Tenth Circuit's adoption of the conduct theory in *Parker* applied only to claims against the estate. *See In re Purcell*, 573 B.R. 859, 864–65 (Bankr. D. Kan. 2017) ("At no point in its decision did the Tenth Circuit discuss, let alone differentiate, between cases involving claims against a bankruptcy estate as opposed to claims a debtor or his estate might have that would bring assets into the estate. And this Court has found no Tenth Circuit case deciding that precise issue. As a result, the Court finds that *Parker's* analysis is inapposite to the facts of this case and elects not to adopt the 'conduct theory' under these facts.").

Because the present case involves a claim of the debtor rather than a claim against the estate, the court declines to utilize the conduct theory and instead looks to state law to determine when the legal malpractice claim accrued.

Plaintiff also cites this court's decision in *Shields v. U.S. Bank Nat. Ass'n, ND*, 05-2073-CM, 2006 WL 3791320 (D. Kan. Dec. 22, 2006), to argue that defendants' conduct was sufficiently rooted in prepetition conduct as to consider the cause of action accrued prior to the filing of the bankruptcy case. In *Shields*, this court found that under the "unique circumstances of the case" all of the debtor's claims, including some that did not mature until after the filing of the bankruptcy case, were property of the estate because they were sufficiently rooted in prepetition conduct. The facts of *Shields*, however, are distinguishable from those in the present case. As noted in *Purcell*, in order for a claim to be sufficiently rooted in the debtor's pre-bankruptcy past, the claim must first exist. 573 B.R. at 867–68. Here, McCorkendale did not have a claim for legal malpractice against defendants until after the Missouri Court of Appeals reversed the Clay County Circuit Court and entered judgment in favor of NASB. Although plaintiff wants the court to consider the date defendants registered the incorrect judgment as the date the claim accrued, it wasn't until the Missouri Court of Appeals found that

McCorkendale's foreign judgment did not create a valid lien due to the registration of the wrong Kansas judgment that McCorkendale was actually damaged.  Therefore, under either Kansas or Missouri law, McCorkendale's legal malpractice claim accrued after the bankruptcy petition was filed and is not property of the bankruptcy estate.  Because the claim is not property of the estate, this court does not have jurisdiction over the legal malpractice case.  For these reasons, the court grants defendants' motion and dismisses the case without prejudice.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 8) is granted.

This case is closed.

Dated February 7, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**